UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICKY BUTLER                    :

v.                                   :        C.A. No. 19-00313-MSM

WARDEN DANIEL MARTIN, et. al.  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On June 5, 2019, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $350.00 per case filing fee and $50 administrative fee. (ECF Nos. 1, 2). Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 was granted on July 8, 2019. However, to date, Plaintiff has not made any payments toward the filing fee. The Court notes that because he is a prisoner, Plaintiff is still required to pay the entire statutory filing fee of $350.00 for this action. Pursuant to the Prison Litigation Reform Act of 1995 (the "PLRA"), adopted April 26, 1996, and codified at 28 U.S.C. § 1915(b), a prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of 20% of the average monthly deposits to his account, or the average monthly balance for the six months prior to the filing of his Complaint. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly, 20% of the previous month's balance in his account. See 28 U.S.C. § 1915(b)(2).

In lieu of submitting his prisoner trust account statement, Plaintiff submitted a letter from Gregory Richard, Chief of Support Services at the Wyatt Detention Facility, stating that as of June

19, 2019, Plaintiff had no funds in his account. (ECF No. 3). He was not assessed an initial filing fee and has made no payments toward the fee. Accordingly, the Wyatt Detention Facility is directed to forward to the Court each month, 20% of the previous month's balance in Plaintiff's account each time the amount in the account exceeds $10.00 until Plaintiff has paid the entire filing fee of $350.00.

Presently before the Court are two Motions: Defendants' Motion to Dismiss (ECF No. 9) and Plaintiff's Motion to Amend/Correct his Complaint. (ECF No. 11). Defendants objected to the Motion to Amend, arguing it should be denied as futile. (ECF No. 14). After a thorough review of the documents filed to date, the Court recommends that Defendants' Motion to Dismiss the initial Complaint be DENIED as moot and that Plaintiff's Motion to Amend be GRANTED. With the Amended Complaint as the operative document in this case, and because Plaintiff is proceeding IFP, I am required by statute to further review Plaintiff's Amended Complaint sua sponte under 28 U.S.C. § 1915(e)(2) "at any time" and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Amended Complaint be permitted to proceed to service on the individual Defendants under the Eighth and Fourteenth Amendments and that the remaining claims and Defendants be DISMISSED for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff is currently detained at the Donald W. Wyatt Detention Facility. (ECF No. 11-1 at p. 1). In his Amended Complaint, Plaintiff claims that after he inserted "multiple objects into his body," he was placed in restraints that consisted of "waist chain, hand cuffs, shackles and black

box" from December 21, 2018 until approximately March 2019 "on orders from Daniel Martin and Michael Nessinger." Id. at p. 4. He claims he "stopped harming himself sometime in January 2019" but that he remained in the "harsh restraints for additional months without a legitimate basis." Id. Additionally, he asserts he was placed in a cell with three officers in "riot gear" who watched him and that he was "never let …out of restraints for anything twenty-four, seven…" Id. at p. 7. He also states that he was subject to extremely bright light that was kept on at night, which resulted in his head throbbing "chronically." Id. He asserts a variety of mental injuries resulting from these conditions, including depression, post traumatic [sic] stress, nightmares, [and] panic attacks…" Id. at p. 9. He also claims he suffered physical injuries, including pain in his wrists, hands and arms and painful marks resulting from the restraints, "chronic and severe pain" to his back and spine, as well as scarring and ligature marks. Id. at pp. 5-6.

He claims that Defendants acted with deliberate indifference, that he was not granted a hearing and that the Wyatt's rules and regulations were not followed. Id. at p. 9. His legal claims include asserted violations of his "procedural and substantive rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, state law and regulations, federal regulations and guidelines, their own policies and procedures as well as Rhode Island common law; and his rights to Equal Protection." Id. at p. 9-10. He asserts that the Central Falls Detention Facility ("CFDF") is liable under "respondeat superior, supervisory liability and/or vicarious liability." Id. at p. 10.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a

defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that several claims set forth in Plaintiff's Amended Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Amended Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Amended Complaint, dismissal of several claims is required because Plaintiff has not stated a cause of action, as discussed below.

**I.     Plaintiff Fails to State an Equal Protection Claim**

In order to state a viable claim under 42 U.S.C. § 1983 that Defendants violated the Equal Protection Clause, Plaintiff is required to plead facts "'plausibly demonstrating that compared with others similarly situated' the plaintiff was 'selectively treated…based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights,

or malicious or bad faith intent to injure a person.'" Doe v. City of Pawtucket, 374 F. Supp. 3d 188, 199 (D.R.I. 2019). Plaintiff's Amended Complaint does not contain any allegations whatsoever that his treatment at the Wyatt was due to his membership in a protected class. Without any such allegation, he has not stated a claim under the Equal Protection Clause to the U.S. Constitution. Accordingly, I recommend that the Equal Protection claims purportedly set forth in the Amended Complaint be dismissed.

**II.     Plaintiff Fails to State a Claim against CFDF**

The next issue is Plaintiff's claims specifically brought against CFDF. "In a § 1983 action, only direct, rather than vicarious, liability is available." Nickerson v. Providence Plantation, No. CV 19-00030-WES, 2019 WL 720703, at *4 (D.R.I. Feb. 20, 2019). Plaintiff claims that CFDF is "liable under respondeat superior, supervisory liability and/or vicarious liability." (ECF No. 11-1 at p. 10). Plaintiff has not set forth any further detail nor any basis upon which to hold CFDF directly liable for the alleged harms, and these allegations are therefore insufficient. I recommend that CFDF be DISMISSED from this suit.

**III.    Plaintiff's Claims May Proceed Under the Eighth and Fourteenth Amendment**

Plaintiff's Amended Complaint, like his initial Complaint, purports to state a claim under the Fourth Amendment to the United States Constitution which prohibits "unreasonable searches and seizures" and protects expectations of privacy. Although Plaintiff never articulates the basis of his Fourth Amendment claim, it is possible he is attempting to claim a "seizure" of his person while he was placed in restraints. The claims set forth, however, more properly fall under the Eighth Amendment's purview. See, e.g. Ferola v. Moran, 622 F. Supp. 814, 820 (D.R.I. 1985)

(considering "constitutional propriety of utilizing physical restraints to control prison inmates" under Eighth Amendment).

As noted, the Court is required at this stage to apply a liberal review standard to the claims set forth in the Amended Complaint. Although not well-organized or clearly articulated, the Amended Complaint at least minimally states a potentially plausible Eighth Amendment claim as well as a Due Process claim under the Fourteenth Amendment. Without passing on the merits of the claims, Plaintiff's ultimate chance of prevailing, or the merits of any defenses[1] or immunities, the Court has determined that Plaintiff's claims against Daniel Martin, Michael Nessinger, Dr. Blanchette and Nicole Rodrigues under the Eighth and Fourteenth Amendments may proceed past the screening stage to service on Defendants.

**Conclusion**

For the reasons stated, I recommend that Defendants' Motion to Dismiss (ECF No. 9) be DENIED as moot and that Plaintiff's Motion to Amend/Correct (ECF No. 11) be GRANTED. Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I recommend that Plaintiff's Amended Complaint be permitted to proceed against only the individual Defendants under the Eighth and Fourteenth Amendments. I recommend all other Defendants and claims be dismissed for failure to state a claim upon which relief may be granted.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.

---

[1] Failure to exhaust, for example, is an affirmative defense, that is a "centerpiece" of the PLRA. The Supreme Court has counseled, however, that an inmate is not required to specially plead it in their Complaint, and the Court is not permitted to independently raise it as a factor in the screening process. See Jones v. Bock, 549 U.S. 199, 216 (2007).

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 17, 2019